**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GOLO, LLC, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )    C.A. No. |
| | ) |
| VITARMR LLC, a Delaware limited | ) |
| liability company, | )    **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
|        Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff GOLO, LLC ("GOLO" or "Plaintiff"), brings this Complaint against VITARMR LLC ("VITARMR" or "Defendant") under federal and state law for trademark infringement, false designation of origin, false advertising, and unfair competition and alleges as follows:

**NATURE OF THE ACTION**

1.    GOLO brings this action to enjoin VITARMR's infringement of GOLO's distinct and well-known RELEASE trademark (the "RELEASE Mark") and to protect the consuming public from confusion and deception.

2.    GOLO is a leading health and wellness company that provides innovative and proprietary diet, healthcare, and wellness goods and services. GOLO began selling proprietary weight loss and wellness solutions at least as early as April 2013. Since inception, GOLO's proprietary approach to weight loss and wellness has been through a combination of GOLO's proprietary supplement and its "back to basics" whole foods eating approach.

3.    GOLO's dietary supplements include RELEASE, a plant-based supplement designed to balance the hormones that affect weight and improve metabolism.  GOLO has used

and marketed the RELEASE Mark in interstate commerce in connection with its dietary supplements for nearly a decade.

4.      On information and belief, in January 2023, VITARMR began promoting and selling weight management supplements via Amazon.com prominently using the designations RELEASE and MAXIMUM RELEASE. On information and belief, the VITARMR product packaging is intentionally similar to the GOLO Release product packaging, including in color and the prominent use of RELEASE.

| GOLO Product | VITARMR Infringing Product |
|---|---|
|  | |

5.      The VITARMR supplement lists ingredients that are nearly identical to the ingredients of GOLO's RELEASE supplement. However, as outlined in this Complaint, upon information and belief, the VITARMR supplement does not include these ingredients and is instead listing them for the sole purpose of attempting to deceive consumers and capitalize on the goodwill of GOLO and its products.

6.      The VITARMR supplements are marketed and sold using the same, or similar, retail trade channels as GOLO and are claimed to provide many of the same benefits.

7.      VITARMR offers its dietary supplements using the RELEASE Mark to the same customers, or to the same classes of customers, as GOLO's customers. VITARMR's continued unauthorized use of the RELEASE Mark has created and continues to create consumer confusion and a false association with GOLO, seeking to attract attention from customers looking for genuine RELEASE supplements from GOLO.

8.      Through this Complaint, GOLO seeks (1) injunctive relief to protect against the irreparable harm to the goodwill in the RELEASE Mark, to prevent consumers from being misled into thinking that GOLO is the source of, or is affiliated with, VITARMR's products, and purchasing VITARMR's products under the mistaken belief that they are associated with GOLO and/or from purchasing VITARMR's products in reliance on its false and/or misleading marketing statements, and (2) disgorgement of all profits from VITARMR's infringement, false designation of origin, unfair competition, and false advertising.

## **PARTIES**

9.      Plaintiff GOLO, LLC is a Delaware limited liability company with its principal place of business at 700 Prides Crossing, Suite 304, Newark, Delaware, 19713.

10.     Upon information and belief, VITARMR LLC is a Delaware limited liability company with a registered agent address of 8 The Green, Suite 12736, Dover, Delaware, 19901.

11.     On information and belief, there are other individuals and entities, DOES 1 through 10, inclusive, not yet identified who have infringed GOLO's trademark rights, have contributed to the infringement of GOLO's trademark rights or have engaged in one or more of the wrongful practices alleged herein, including but not limited to the manufacture of VITARMR's products. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are

presently unknown to GOLO. GOLO will seek leave to amend this Complaint to add DOES 1-10 to the litigation and show their true names and capacities when they may be ascertained.

12.     Upon information and belief, at all times relevant hereto, DOES 1-10 were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of VITARMR and the remaining DOES 1-10 and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation full knowledge of each and every violation of GOLO's rights and the resulting damages to GOLO.

### JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the claims are so related to the claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., that they form part of the same case and controversy under Article III of the United States Constitution.

14.     This Court has personal jurisdiction over VITARMR because it is a Delaware limited liability company and has therefore voluntarily availed itself of the rights and benefits of Delaware law.

15.     This Court also has personal jurisdiction over each Defendant because, on information and belief, each Defendant regularly conducts or has conducted business in Delaware, including by marketing, advertising, selling, and/or offering for sale supplements using the RELEASE Mark, at least in part, through www.vitarmr.com and Amazon.com, which are accessible throughout the United States, including to persons within Delaware.  Also upon

information and belief, each Defendant ships or has shipped the RELEASE-branded products to customers in Delaware.  Defendant has committed infringement and other tortious conduct in this District, which have caused injury to GOLO in this District.

16.    Venue is proper in this judicial District under 28 U.S.C. § 1391(b)-(c) because Defendant is subject to personal jurisdiction in this District and transact business and sales within this District, GOLO resides within this District and transacts business and sales within this District, and the acts complained of herein, including Defendant's acts of infringement that have injured GOLO, have occurred and continue to occur within this District.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### GOLO's Registration of RELEASE and GOLO

17.    GOLO is the owner of various trademark registrations for its GOLO trademarks, including in connection with its RELEASE Supplement (collectively, as outlined in the chart below the "GOLO Registrations"). U.S. Registration No. 5,207,875 will be referred to specifically as the "RELEASE Registration":

| Registration Number | Mark | Description |
|---|---|---|
| 5,207,875 | Release | First Use Date: April 22, 2013<br>Registration Date:  May 23, 2017<br>Goods & Services:  Dietary and nutritional supplements |
| 4,436,947 | GOLO | First Use Date: April 22, 2013<br>Registration Date:  November 19, 2013<br>Goods & Services:  Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition |

| Registration Number | Mark | Description |
|---|---|---|
|  |  |  |
| 5,231,000 | GOLO | First Use Date: April 22, 2013<br>Registration Date: June 27, 2017<br>Goods & Services: Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition |

18.     The GOLO Registrations are valid, subsisting, and currently in full force and effect. Moreover, under 15 U.S.C. § 1065, the GOLO Registrations give GOLO the incontestable right to use the GOLO Marks in commerce for the goods and services covered in the registrations listed in paragraph 17. True and accurate copies of the GOLO Registration Certificates and current status are included at Exhibit A.

19.     The registrations set forth above constitute *prima facie* evidence of GOLO's ownership of and exclusive rights to use the GOLO Marks in connection with the goods and services recited in the registrations.

20.     Through GOLO's continuous use of the GOLO Marks since 2013 and as a result of GOLO's substantial marketing and promotional efforts, the substantial sales of its GOLO-branded products, and the third party acclaim and attention GOLO and its products have earned, GOLO has developed a strong brand and reputation among customers, and its GOLO Marks enjoy extensive goodwill and strong common law rights in the United States.

**The Wellness, Weight Management, and Dietary Supplement Industry**

21.    Obesity is a serious medical problem that has been linked to dangerous health conditions, including Type 2 Diabetes, heart disease, Alzheimer's disease, dementia, and more.  A recent study by the Centers for Disease Control indicates that nearly 7 out of 10 Americans are considered overweight or obese.  Over the past decade or so, consumers have become increasingly aware of the health benefits of weight management and the relationship between weight and key health and wellness markers, including reducing the risk of lifestyle diseases.  Indeed, recent research shows that the biggest motivator for losing weight among obese Americans is the desire to improve overall health.  As a result, those seeking to lose weight are now more likely than ever to be looking to improve health generally and, conversely, those seeking to improve health generally are looking to do so through changes in how and what they eat.  These trends have fueled the rise of dietary supplements with weight loss/weight management and overall health benefits. The dietary supplements industry is expected to exceed $50 billion dollars in the U.S. by 2025.

22.    Unfortunately, the industry is also fraught with opportunity for competitors looking to capitalize on the desire of so many people to lose weight and improve their overall health, often by promising "easy" and simple solutions to do so.  Many companies do so through social marketing campaigns in addition to more traditional online marketing. Due in part to the growing trend of marketing "easy" and simple weight loss solutions through supplements, the Federal Trade Commission (FTC) has released specific guidance to consumers on how to evaluate advertising claims about dietary supplements and other weight loss products.

**GOLO and its Health and Wellness Products and Services**

23.    GOLO is a leading provider of innovative and proprietary diet and health and wellness products and services. Since at least as early as 2011, GOLO has been developing dietary supplements and programs for weight loss, weight management, nutrition, and lifestyle wellness.

24.    GOLO has invested significant resources in product development and studies, and in TV and digital advertising to build awareness of its products and services and value in its GOLO Marks. In 2022 alone, there were more than 20 million sessions of consumers visiting GOLO's website (www.golo.com) looking to improve their health and lose weight through the GOLO program. GOLO has over 3 million customers and, in 2022, shipped over 2 million packages of its products. Each of those packages include several uses of the GOLO Marks.  And in 2022, GOLO's television commercials generated over 30 *billion* impressions.

25.    One of GOLO's product offerings is the GOLO for Life® plan, a proprietary whole food eating plan that focuses on promoting safe weight loss. A component of that plan is GOLO's RELEASE supplement, a plant-based nutraceutical that has been clinically shown to aid in weight loss and improve health markers, as depicted below:



26.    GOLO began using the GOLO Marks for dietary and nutritional supplements in 2013 and has made continuous and substantially exclusive use of the GOLO Marks for such products since that time.

27.    The GOLO Marks are inherently distinctive and therefore serve as a source indicator for GOLO products and services, including dietary and nutritional supplements. As a result of GOLO's extensive and successful use and promotion of the GOLO Marks (including the facts set forth herein), the Marks have acquired secondary meaning.

28.    GOLO has invested substantial time, money, and other resources promoting its products and services using the GOLO Marks to individuals in all 50 states, including Delaware. GOLO prominently displays its GOLO Marks on its packaging, its website, and any advertisements promoting or marketing its goods and services.

29.    GOLO owns and operates its website at www.golo.com, where GOLO markets, offers to sell, and sells its products and services to consumers. GOLO displays one or more of the GOLO Marks on nearly every page. The product listing for GOLO's RELEASE is shown below:[1]

---

[1] *See* https://www.golo.com/pages/golo-release-supplement (last accessed 03/26/2023).



In addition to healthy weight loss, the ingredients in Release have the unique ability to support multi-dimensional therapeutic benefits including:

- Increased energy and reduced fatigue

- Healthier immune function

- Reduced hunger and cravings

- Balanced blood sugar and insulin levels

- Reduced stress levels and anxiety

30.    From 2017 until around May 2020, consumers could also purchase GOLO-branded products and services, including the GOLO RELEASE supplement, from www.amazon.com.

31.    GOLO has also advertised and promoted its goods and services under the GOLO Marks on television and in other media campaigns, including digital, social (*e.g.*, Facebook, Pinterest, and Instagram), and print. GOLO's products and services have also received physicians' endorsements and been the subject of customer testimonials.

32.    GOLO has enjoyed substantial sales of its products and services that use the GOLO Marks, with customers located throughout the United States, including Delaware.

33.    Because of the inherent distinctiveness of, and/or secondary meaning in, the GOLO Marks, the GOLO Marks enjoy substantial goodwill.

**VITARMR's Business, Products, and Use of Infringing Designations**

34.    On information and belief, VITARMR owns, operates, and controls the domain name www.vitarmr.com (created in August 2022) and the content associated with the domain ("VITARMR Website"). On information and belief, the VITARMR Website went live in March

2023. *See* Exhibit B, true and accurate screenshots of the WhoIs information and VITARMR Website as of March 2023.

35.    According to the Delaware Secretary of State records, Defendant VITARMR formed its entity in September 2022.

36.    On information and belief, VITARMR first began marketing, advertising, and selling its dietary supplement under the "Maximum Release" and "Release" trademarks ("Infringing Designations") in late December 2022.

37.    In January 2023, GOLO became aware that VITARMR was selling a dietary supplement ("Infringing Product") bearing the Infringing Designation via Amazon.com as shown below and in Exhibit C:



Release Dietary Supplement Pills - Seen on TV - Resistance Sensitivity and Stress Relief - 60 Day Supply ...

**120 Count (Pack of 1)**

⭐⭐⭐⭐☆ ⌄ 8

$**24**$^{99} ($0.21/Count)

FREE delivery **Wed, Feb 1** on your first order

Or fastest delivery **Sun, Jan 29**

Add to Cart

38.     The VITARMR Amazon listing and product prominently displayed the Infringing Designations and the product packaging is highly and confusingly similar to GOLO's RELEASE product packaging.  In the relatively short amount of time that VITARMR has been selling the Infringing Product, this use has already caused actual confusion amongst consumers.

39.     The product name/description, "Release Dietary Supplement Pills – Seen on TV…" includes not only GOLO's identical RELEASE trademark, but also a reference to "Seen on TV".

40.     Upon information and belief, VITARMR has never marketed the product on TV, whereas GOLO regularly markets its products and services.  Upon information and belief,

VITARMR chose to include this language to confuse and intentionally mislead consumers who are searching for GOLO's Plan and RELEASE supplement.

41.    In order to protect its rights in the RELEASE Mark and prevent consumer confusion and deception, GOLO submitted a takedown request to Amazon regarding the Infringing Product and Infringing Designation on January 31, 2023, and sent a subsequent follow up correspondence on February 6, 2023. Based on GOLO's prior rights in the RELEASE Mark, Amazon removed the VITARMR listing of the Infringing Product on February 6, 2023.

42.    In March 2023, the VITARMR Website went live, again promoting the Infringing Designations on the Infringing Product. *See* Exhibit B.





43.     As of March 23, 2023, VITARMR was prominently displaying the Infringing

Designations in connection with the sale of the Infringing Product via www.vitarmr.com.

44.     On or around March 24, 2023, VITARMR amended the listing and photo of the

Infringing Product to read "Maximum Resistance" (instead of "Maximum Release"). Notably,

the sub-domain of the product listing still includes the language "Maximum Release", i.e.,

vitarmr.com/products/maximum-release (see Exhibit D):



45.    As of March 24, 2023, VITARMR had also relisted the Infringing Product on

Amazon as "Maximum Resistance". *See* Exhibit D. The VITARMR product is even listed as

"Amazon's Choice".

46.    GOLO placed an order via Amazon for the "Maximum Resistance" product on

March 24, 2023. The order was received on March 27, 2023. Each of the bottles contained in the

order bear the Infringing Designations, not "Maximum Resistance".  See Exhibit E, a photograph

of the items received on March 27, 2023.

47.    In an email sent to GOLO Customer Support on March 25, 2023, a consumer

expressed, "I ordered Golo from Amazon…It says VITARMR.on the bottle .. I've been taking it

for a while and haven't lost anything…It also says maximum Release…Is this Golo or a fake."

48.     The Amazon listing for the Infringing Product continues to reflect customer reviews referring to the product as "Release" and shows photos of Infringing Product bearing the Infringing Designations. *See* Exhibit D.

49.     Upon information and belief, VITARMR was aware of GOLO's prior rights in the GOLO Marks prior to adopting the Infringing Designations, and has acted willfully in creating, marketing and selling its products, in order to profit from the significant goodwill attributed the GOLO Marks.

50.     VITARMR's use of the GOLO Marks has damaged and irreparably injured GOLO, and, if permitted to continue, will further damage and irreparably injure GOLO, including its reputation and the goodwill associated with the GOLO Marks. VITARMR's use of the GOLO Marks is also detrimental to the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of the parties' respective products.

**VITARMR's False Advertising**

51.     VITARMR also trades off the investment GOLO has made in its brand and products by making false and misleading statements about the nature, characteristics, and/or qualities of its products in a manner that deceives, or at least has a tendency to deceive, a substantial portion of the intended audience (namely, consumers interested in wellness, stress relief, and increased energy). Indeed, VITARMR falsely claims that its products have the same characteristics as, and provide some of the same benefits as GOLO's RELEASE supplements.

52.     The packaging of the Infringing Product and promotional information for VITARMR's Infringing Product found Amazon.com include an ingredient list that is nearly identical to the ingredient list of GOLO's RELEASE product.  The only differences between the

parties' respective labels are (1) the serving size, and (2) the inclusion of the ingredient Salaretin

in GOLO's RELEASE product but not VITARMR's Infringing Product:



**GOLO'S RELEASE Product Label**



**VITARMR'S Infringing Product Label**

17

53.    On information and belief and based on a reasonable investigation, VITARMR's Infringing Product either does not contain the claimed ingredients or contains significantly lower amounts of the ingredients per serving size than those claimed on the product label.  VITARMR's claims regarding the ingredients in its Infringing Product are literally false or have at least the tendency to deceive a substantial portion of the intended audience.

54.    VITARMR also makes various other claims in commercial advertisements and promotional materials on sites such as Amazon.com related to the alleged dietary, energy, and stress relief benefits.  For example, VITARMR claims that its Infringing Product is a "dietary supplement" that is a "[p]owerful resistance sensitivity & everyday stress supplement. Enjoy a well-balanced & healthy lifestyle today! Our clinically studied ingredients are trusted by thousands worldwide and help them take control of their life!" VITARMR also claims that its Infringing Product "[s]upport[s] diet, energy, and every day stress relief."

55.    On information and belief and based on a reasonable investigation, VITARMR's Infringing Product does not provide the claimed health benefits at least because, on information and belief, it does not contain or contains significantly lower amounts of the ingredients per serving size than those claimed on the product label.  VITARMR's claims about the health benefits provided by its Infringing Product are literally false or at least have at least the tendency to deceive a substantial portion of the intended audience.

56.    VITARMR's false and/or misleading claims, relating to the very health benefits for which VITARMR's Infringing Product is marketed and sold, were (and are) material to consumers' purchasing decisions.

57.    Consumers who are actual and potential consumers of dietary supplements that provide health and wellness benefits are and have been misled by VITARMR's false and/or

18

misleading claims, and have been and are being harmed.  Given the prominence of those claims, consumers likely would not have chosen VITARMR's Infringing Product had they known the truth of VITARMR's claims and would have opted for another alternative, such as GOLO's program and RELEASE product.

58.    VITARMR's false and/or misleading statements regarding the nature, characteristics, and/or properties of its Infringing Product on product packaging and in other promotional materials as described herein have been made with VITARMR's knowledge that the statements were false and/or misleading and that they would be disseminated to consumers.  The false and/or misleading statements made by VITARMR and related to the nature, characteristics, and/or properties of its Infringing Product on product packaging and in other promotional materials as described herein pose a risk of harm to the consumers relying thereon.

## CLAIMS FOR RELIEF

### COUNT I
### TRADEMARK INFRINGEMENT UNDER SECTION 32(A) OF THE LANHAM ACT (15 U.S.C § 1114(a))

59.     GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

60.    VITARMR's activities, as described herein, constitute infringement of GOLO's federally registered RELEASE Mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

61.    GOLO has prior rights over VITARMR in and to the RELEASE Mark in the United States by virtue of its significant and continuous use of the RELEASE Mark, in interstate commerce, as well as the RELEASE Registration.

62.    GOLO is the owner of the GOLO Registrations, which includes the RELEASE Registration, which are valid and subsisting and duly registered with the United States Patent and Trademark Office.

63.    VITARMR's prior and current use of RELEASE and MAXIMUM RELEASE in connection with the marketing and sale of its dietary supplements is confusingly similar to GOLO's longstanding use of the RELEASE Mark in connection with its dietary supplements and is meant to capitalize on the goodwill associated with GOLO and the GOLO Registrations.

64.    Without GOLO's consent, VITARMR has used, and continues to use in commerce, the Infringing Designations, as described above, in connection with the offering, sale, distribution, and advertising of health supplement products, which has caused and is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

65.    Upon information and belief, VITARMR had actual and/or constructive knowledge of GOLO's rights prior to using the Infringing Designations.

66.    At a minimum, VITARMR had actual knowledge of GOLO's prior rights by virtue of the trademark complaint GOLO submitted to Amazon in January 2023, which was, upon information and belief, communicated to VITARMR. Despite this actual knowledge, VITARMR continued to market and sell products under the Infringing Designation.

67.    Upon information and belief, the actions of VITARMR described above have at all times relevant to this action been willful.

68.    As a direct and proximate result of the actions of VITARMR alleged above, GOLO has been damaged and will continue to be damaged.

69.    As a result of these wrongful acts, GOLO is entitled to injunctive relief prohibiting VITARMR from using the GOLO Marks, or any marks confusingly similar thereto, in accordance

with 15 U.S.C. § 1116, and to recover all damages, that GOLO has sustained and will sustain, and all gains, profits, and advantages obtained by VITARMR as a result of its infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

70.    This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

## <u>COUNT II</u>
**Trademark Infringement, False Designation of Origin and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A))**

71.    GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

72.    VITARMR's conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

73.    VITARMR has intentionally used the Infringing Designations in interstate commerce. The Infringing Designations are in part identical, and in partly highly similar to GOLO's established trademark rights.

74.    On information and belief, VITARMR has intentionally chosen product packaging for the Infringing Product that is highly similar to the product packaging for GOLO's RELEASE product—including the use of specific shades of orange and green.

75.    VITARMR's actions have caused and are likely to continue causing confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of VITARMR, and thus constitutes trademark infringement, false designation of origin and unfair competition with respect to the GOLO Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

76.    Upon information and belief, VITARMR had actual and/or constructive knowledge of GOLO's rights in the GOLO Marks prior to using the GOLO Marks without authorization. Upon information and belief, the actions of VITARMR described above have at all times relevant to this action been willful.

77.    As a direct and proximate result of the actions of VITARMR alleged above, GOLO has been damaged and will continue to be damaged.

78.    As a result of VITARMR's acts, GOLO has suffered damages in an amount to be determined.

79.    GOLO has also suffered irreparable injury as a result of VITARMR's aforementioned acts of infringement, false designation of origin, and unfair competition, and, unless VITARMR's infringement is enjoined, GOLO will continue to suffer irreparable harm. GOLO is entitled to injunctive relief prohibiting VITARMR from using the Infringing Designation, or any other marks confusingly similar to the GOLO Marks in accordance with 15 U.S.C. § 1116, and to recover all damages that GOLO has sustained and will sustain, and all gains, profits, and advantages obtained by VITARMR as a result of its infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

80.    This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

## COUNT III
### Unfair Competition Under Delaware Law

81.    GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

82.    VITARMR's activities as described above constitute unfair competition and deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq*.

83.    On information and belief, VITARMR has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

84.    On information and belief, VITARMR intends to continue its infringing acts, unless restrained by this Court.

85.    VITARMR's acts have damaged and will continue to damage GOLO, and GOLO has no adequate remedy at law.

## COUNT VI – FALSE ADVERTISING UNDER FEDERAL LAW

86.    GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

87.    The acts of VITARMR as set forth above and below, including the advertising and dissemination of VITARMR's false and/or misleading claims, constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).  As a result of VITARMR's actions, GOLO has suffered, and will continue to suffer, damages in an amount to be determined at trial.  Further, VITARMR has caused, and will continue to cause, immediate and irreparable injury to GOLO, including injury to GOLO's business, reputation and goodwill, for which there is no adequate remedy at law. GOLO is therefore entitled to an injunction under 15 U.S.C. §1116 restraining Defendant from engaging in future acts of false advertising and ordering removal of all of Defendant's false advertisements.

88.    The acts of VITARMR as set forth above and below constitute false and/or misleading representations of fact in commercial advertising or promotion, in interstate commerce

in connection with goods or services, where Defendant's representations misrepresent the nature and/or qualities and/or benefits of its Infringing Product, and GOLO has been damaged and is likely to be damaged in the future by Defendant's acts.

89.    The acts of VITARMR as set forth above and below, particularly VITARMR's false and/or misleading claims, caused commercial injury to GOLO, with such injury harming GOLO's ability to compete with VITARMR.

90.    The acts of VITARMR as set forth above and below, particularly VITARMR's false and/or misleading claims in the commercial advertising and promotion of the Infringing Product, are the proximate cause of GOLO's injury.  VITARMR's false and/or misleading claims are material and likely to influence the purchasing decisions of actual and prospective purchasers of VITARMR and GOLO products.  VITARMR's false and/or misleading claims actually confuse and deceive, or have the tendency to, and are likely to confuse and deceive an appreciable number of relevant consumers.  VITARMR's false and/or misleading claims deceived consumers, which caused those consumers to withhold trade from GOLO.

91.    Pursuant to 15 U.S.C. § 1117, GOLO is further entitled to recover from VITARMR the damages sustained by GOLO because of VITARMR's acts in violation of 15 U.S.C. 1125(a). As a result of the acts complained herein, GOLO has suffered damages in excess of this Court's minimum jurisdiction, the precise amount of which will be proven at trial.

92.    Pursuant to 15 U.S.C. § 1117, GOLO is further entitled to recover from VITARMR the gains, profits, market value, and advantages that VITARMR has obtained because of VITARMR's acts in violation of 15 U.S.C. § 1125(a), the precise amount of which will be proven at trial.

93.     Pursuant to 15 U.S.C. § 1117, GOLO is further entitled to recover the costs of this action.  Moreover, VITARMR's conduct was undertaken willfully and with the intent to causes confusion, mistake, or deception, making this an exceptional case entitling GOLO to recover additional damages, up to three times the amount of actual damages, and reasonable attorneys' fees.

94.     VITARMR's false and/or misleading claims will continue to divert sales to VITARMR at the expense of GOLO, and have lessened, are lessening, and will continue to lessen the goodwill enjoyed by GOLO products if not enjoined.  The legal remedies available to GOLO are alone inadequate to remedy and compensate GOLO for the injuries it has sustained, and if not enjoined will continue to sustain, due to VITARMR's unlawful conduct.

## COUNT VII -- UNFAIR COMPETITION UNDER DELAWARE LAW (FALSE ADVERTISING)

95.     GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

96.     VITARMR's false advertising activities as described above constitute unfair competition and deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* §§ 2532(a).

97.     On information and belief, VITARMR have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

98.     On information and belief, VITARMR intend to continue their infringing acts, unless restrained by this Court.

99.     VITARMR's acts have damaged and will continue to damage GOLO, and GOLO has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, GOLO prays for the following relief:

1.       That Defendant, its agents, servants, affiliates, representatives, successors, and assigns, and all those persons or entities in active concert or participation with Defendant who receive actual notice of the injunctive order, be enjoined preliminarily and permanently, pursuant to, without limitation, 15 U.S.C. 1116(a) and 6 *Del. C.* § 2533(a), from:

(a)       Using the Infringing Designations or any GOLO Marks in commerce to sell, offer to sell, distribute, promote, advertise, market, or export from the United States dietary or nutritional supplements or any health and wellness plans or programs, including on (for example) websites, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, and receptacles.  This shall include use of the Infringing Designations or GOLO Marks in any form or presentation, meaning, without limitation, orally, in upper case and/or lower case, in any particular font or stylized treatment (*e.g.*, italics), with or without a logo, and in any particular color or combination of colors;

(b)       Using the Infringing Designations or any GOLO Marks as part of a trade or commercial name; meaning any name used to identify its business (15 U.S.C. § 1127);

(c)       Using the Infringing Designations or any GOLO Marks as part of a website domain name, where Defendant sells, offers to sell, distributes, promotes, advertises, or markets dietary or nutritional supplements;

(d)       Using the Infringing Designations or any GOLO Marks as part of a product name or product listing via any online retailer including Amazon;

(e)       Using the Infringing Designations or any GOLO Marks as a handle,

username, or name on social media accounts, including (for example) Facebook, Twitter, Pinterest, LinkedIn, TikTok, and Instagram;

(f)    Using the GOLO Marks or any other mark, symbol, or device that is similar to the GOLO Mark, in any manner that is likely to cause consumer confusion;

(g)    Committing any other act calculated or likely to cause the public to believe that Defendant is in any manner connected, affiliated, or associated with GOLO or from otherwise competing unfairly with GOLO;

(h)    Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibition of subsections (a)-(g).

2.    Pursuant to 15 U.S.C. § 1118, that Defendant delivers to GOLO for destruction all material (including, without limitation, all advertisements, promotional materials, and brochures) within its possession, custody, or control, either directly or indirectly, that bears the Infringing Designations or any other designation, symbol, or device that is confusingly similar to the GOLO Marks.

3.    Pursuant to 15 U.S.C. § 1116(a), that Defendant be directed to file with the Court and serve upon GOLO, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which it has complied with the provisions set forth in paragraphs 1 and 2 above.

4.    Pursuant to 15 U.S.C. § 1117(a), that the Court issue an award of: (1) Defendant's profits, increased by an amount the Court finds just under the circumstances proven at trial; (2) GOLO's damages, increased up to three times the amount thereof; and (3) the costs of the action.

5.    For an injunction, profits, damages and fees to the extent available under Section

2533 of the Delaware Uniform Deceptive Trade Practices Act.

6.    Pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533(b), that the Court determine that the case is exceptional and that GOLO recovers from Defendant its attorneys' fees and costs.

7.    For an award of pre- and post-judgment interest on any and all monetary awards.

8.    That GOLO be awarded such other and further relief as the Court deems equitable, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and D. Del. LR 38.1, GOLO hereby demands a trial by jury of all issues so triable.

Dated:  April 7, 2023                    BARNES & THORNBURG LLP

                                         */s/  Chad S.C. Stover*
                                         Chad S.C. Stover (No. 4919)
                                         222 Delaware Avenue, Suite 1200
                                         Wilmington, DE 19801
                                         Telephone:  (302) 300-3474
                                         Facsimile:  (302) 300-3456
                                         Email:   cstover@btlaw.com

                                         OF COUNSEL:

                                         Caitlin R. Byczko (*pro hac vice forthcoming*)
                                         11 S. Meridian Street
                                         Indianapolis, IN 46204
                                         Telephone: (317) 236-1313
                                         Email: caitlin.byczko@btlaw.com

                                         Megan New (*pro hac vice forthcoming*)
                                         One North Wacker Drive, Suite 4400
                                         Chicago, IL 60606
                                         Telephone: (312) 357-1313
                                         Email: mnew@btlaw.com

                                         *Attorneys for GOLO LLC*